## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| **ALEXIA BROWN,** *Plaintiff* | * * * | **CIVIL ACTION NO.**   1:21cv130TBM-RPM |
| | * | **SECTION:** |
| **VERSUS** | * * | |
| | * | **JUDGE** |
| **CVS RX SERVICES, INC.,** *Defendant* | * * | **MAGISTRATE JUDGE** |
| | * * | |
| | * | **JURY TRIAL DEMANDED** |

* * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Alexia Brown, Plaintiff herein, who respectfully avers the following:

### JURISDICTION AND VENUE

1.

Subject matter jurisdiction of this Honorable Court is based upon 28 U.S.C. § 1331, as Plaintiff's claims against Defendant arise under Title VII of the Civil Rights Act of 1964, as amended. The claims based on Mississippi state law are so closely related to claims raising federal questions that they form part of the same case or controversy, such that this Honorable Court has supplemental jurisdiction over said matters pursuant to 28 U.S.C. § 1367.

2.

Venue is proper in this Court because the violations of federal and state laws upon which this Complaint is based occurred in Harrison County, which is located in the Southern District of the United States District Courts of Louisiana.

## PARTIES

3.

The Plaintiff bringing this action is Alexia Brown (hereinafter "Ms. Brown" or "Brown"), an African-American female and person of the full age of majority who resides and is domiciled in the Parish of Orleans, State of Louisiana.

4.

Made Defendant herein is CVS Rx Services, Inc. (hereinafter "CVS" or "Defendant"), a foreign corporation that is authorized to do and doing business in Harrison County, Mississippi, and, at all times relevant to this lawsuit, was Ms. Brown's employer.

5.

Throughout her employment with Defendant, Plaintiff, when she received the promised support and cooperation from Defendant's agents and management personnel, performed her respective job duties without complaint and carried out her responsibilities in strict compliance with Defendant's policies and procedures, always meeting/exceeding Defendant's performance expectations.

6.

Notwithstanding Plaintiff's job performance, Defendant, without lawful reason, explanation or justification, discriminated against Plaintiff on the basis of her race.

## FACTUAL BACKGROUND

7.

On or about May 24, 2009, CVS hired Ms. Brown as a "Pharmacy Intern-Graduate. On or about August 16, 2009, Ms. Brown was promoted to the position of Floater Staff Pharmacist wherein she was responsible for traveling to numerous CVS retail pharmacy stores within a certain geographical area to provide coverage for staff pharmacist that were on authorized leave.

8.

Because Defendant's agents and management personnel provided her with the promised support and cooperation, when employed as a Floater Staff Pharmacist, Ms. Brown performed her respective job duties without complaint and carried out her responsibilities in strict compliance with Defendant's policies and procedures, always meeting/exceeding Defendant's performance expectations.

9.

After being employed as a Floater Staff Pharmacist for six (6) years, Ms. Brown requested that she be assigned to work at one CVS retail pharmacy location. Because of her outstanding work as a Floater Pharmacist, on or about March 25, 2015, Defendant assigned Ms. Brown to a CVS retail location in Gulfport, Mississippi, specifically, CVS Store No. 05933.

10.

At the time, Ms. Brown reported directly to Danielle Taylor, a Pharmacy Supervisor responsible for overseeing CVS retail pharmacy stores in Louisiana and Mississippi, including CVS Store No. 05933.

11.

Ms. Taylor, who is African American, continued to oversee Defendant's retail pharmacy stores located in Louisiana and Mississippi until July 28, 2019.  Ms. Taylor was replaced by Ashlee Walters. Ms. Walters is Caucasian.

12.

Not long after Ms. Walters replaced Ms. Taylor, the terms and conditions of Ms. Brown's employment drastically changed.  Ms. Brown's race became a factor in Defendant's employment decisions.

13.

Defendant not only employ's pharmacist, it also employs pharmacy technicians. Pharmacy technicians are primarily tasked with the responsibility of assisting pharmacist with locating, dispensing, packaging, and labeling prescribed medication.

14.

Instead of executing their duties and carrying out their responsibilities in compliance with Defendant's policies and procedures, Defendant's pharmacy technicians, at CVS Store No. 05933, routinely ignored Ms. Brown's instructions and/or recommendations, regularly mistreated Defendant's African American customers and engaged in racially insensitive speech during working hours.

15.

In compliance with Defendant's policies and procedures and in an effort to rid CVS Store No. 05933 of the racially insensitive workplace environment, Ms. Brown reported her concerns to Ms. Walters. Rather than coming to Ms. Brown's aid, Defendant's supervisors responded to Ms. Brown's cry for help as if she was the cause of the problem.

16.

The more Ms. Brown complained, the more the workplace environment deteriorated and became more hostile towards her and Defendant's African American customers. To that end, on or about January 3, 2020, six months after Ms. Taylor was replaced by Ms. Walters, Ms. Brown was terminated.

17.

Because of the unlawful treatment by Defendant's managers, employees, and agents, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Thereafter, on or about January 13, 2021, the EEOC forwarded to Plaintiff a "Notice of the Right to Sue." Plaintiff received the notice on or about January 16, 2021. Accordingly, Plaintiff has met all

administrative prerequisites for bringing of this action.

18.

At all times relevant herein, Defendant was responsible for the acts of its employees.

19.

At all times relevant herein, Defendant was liable for the conduct described herein, as carried out by its managers, employees, or agents under the doctrine of Respondeat Superior.

20.

All of the actions complained of herein were undertaken with malice and/or reckless indifference to Plaintiff's state and federally protected rights.

## CAUSE OF ACTION

21.

In violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and Mississippi's Employment Discrimination Laws, Defendant engaged in unlawful employment practices consisting of, but not limited to, unlawfully terminating Plaintiff because of her race, African-American.

## DAMAGES

22.

As a result of the unlawful actions described and set forth herein, Defendant is liable unto Plaintiff for damages, including back pay and front pay; lost benefits; mental anguish; humiliation and embarrassment; loss of reputation; loss of enjoyment of life; foreseeable and unforeseeable damages; compensatory damages; punitive damages; prejudgment interest; attorney's fees and all costs of these proceedings.

## JURY DEMAND

27.

Plaintiff demand trial by jury on all issues so triable herein.

**WHEREFORE**, Plaintiff, Alexia, prays that Defendant, CVS, be duly cited and required to appear and answer Plaintiff's Complaint and Jury Demand and, after all due proceedings and legal delays, there be judgment rendered herein in favor of Plaintiff and against Defendant as detailed in the foregoing Complaint and Jury Demand, in an amount reasonable in the premises, together with legal interest from the date of judicial demand, all costs of these proceedings, attorneys' fees and for any and all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

DATED: This the 14th day of April, 2021.

RESPECTFULLY SUBMITTED,

ALEXIA BROWN

BY:  /S/ THANDI WADE
     THANDI WADE

OF COUNSEL:

THANDI WADE,  MSB#10464
TATUM & WADE, PLLC
P. O. BOX 22688
JACKSON, MS  39225-2688
(601) 948-7770
TWADE42@AOL.COM